Harper J.
delivered the opinion of the Court.
The only question which the Court have found it necessary to consider, is, whether Mrs. Turner took from her father any such interest in the slave in question, as that the marital rights would attach upon it.— It is to be recollected that at common law, there could not be property in chattels limited in point of time.— It was said that a gift to one for a day or a week, vested the whole in him.. An exception was first made in favor of last wills or testaments, where a disposition was made to one for life, with remainder to another. *196 This exception has been extended to a similar disposition by deed. But the exception has gone no further. There may be a hiring or lending for a limited time, but in such case, the property in contemplation of law, remains in the hirer or lender. It is true, that such a bailee is said to have a qualified property, so as to maintain an action of trespass or trover, 2 Blac. Com. 453. Mr. Justice Story, however, in his treatise on bailments, supposes this ,power of bringing an action to be founded merely on the possession of the person hiring or borrowing, and that he has not even a special property, (see Story on bailments, 191, and the cases there referred to.) However this may be, it is certain, that there cannot be a term in a chattel, as in land, and that the title remains in the owner, notwithstanding the hiring or lending; so that he may maintain an action against a third person, who has obtained a wrongful possession of the thing. (Story on bailments, ib.) Did Mrs. Turner take a life estate in the slave ? for if it was any smaller interest, the title remained in the defendant, and the slave could not be liable for the debts of her husband.
It has frequently been decided, that where a father puts property into the possession of his married daughter, this is construed a gift. But the act may be explained or qualified at the time that it is done, so as to restrict it to a life estate or a loan. The Court will look to the real intention of the parties. The word “lend” has been frequently construed to create a life estate, where such appeared to be the actual intention. By the paper writing, in question, the defendant agrees to let his daughter “ have the use of Dick and Sal, free from all charges, except clothes and taxes, during his life.” This would seem to give her an estate pur aider vie. But he adds “ except in sickness or distress by old age or misfortunes.” Bo these words have the effect of restricting it to something less than a life estate ? Now there may be a life estate determinable on a previous contingency; as where property is given to a woman during her widowhood. But from the best consideration we have been able to give *197 the matter, we do not. think that this can be regarded as a life estate, determinable on such a contingency. The event is too vague. How shall a Court try whether the defendant be in “distress from old age or from misfortune ?” We think it must have been intended, that the defendant himself should judge of the event bn which he should resume possession, and this would make it amount to no more than a loan resumable at pleasure. He permits his daughter to have the possession and use of the slaves, and promises her that he will not resume them, unless urged by sickness or distress. All this we think mu st be regarded as merely gratuitous.
The motion is granted. \